J-A01005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RICHARD BLOSE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CHAD EVANSON | |
| Appellant | No. 831 WDA 2016 |

Appeal from the Judgment Entered July 15, 2016
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD 13-023236

BEFORE:  BOWES, OLSON AND STRASSBURGER,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 13, 2017**

Chad Evanson appeals from the judgment entered in favor of Richard Blose in the amount of $50,800.  We affirm.

This dispute arose following the dissolution of Mr. Wheelz, LLC ("Mr. Wheelz"), a wholesale tire company with which Mr. Blose and Mr. Evanson were affiliated from its inception in 2009 until 2012.  Mr. Blose provided the financial backing for Mr. Wheelz, Mr. Evanson ran the day-to-day operations, and a third party, Marcellino Manilla, managed its bookkeeping.  Following dissolution, Mr. Blose commenced this action against Mr. Evanson to recover

_____
* Retired Senior Judge assigned to the Superior Court.

Mr. Evanson's share of debts incurred by the partnership.[1]  Mr. Evanson countered Mr. Blose's allegations by contending that he was an employee of Mr. Wheelz, not a partner, and thus, was not liable for its debts.

The trial court conducted a bench trial wherein Mr. Blose proffered copies of four documents evidencing Mr. Evanson's involvement in the Mr. Wheelz partnership, and his assumption of one-third of any outstanding debt suffered by the business.  Mr. Evanson argued that two of the documents were fraudulent, pointing to the similarity of the signatures on those documents as evidence thereto.  He also objected to their admission, arguing, pursuant to the best evidence rule, that Mr. Blose was required to produce the original documents.  The trial court overruled the objection as to each document, finding that the originals had been left with Mr. Evanson when he assumed control of Mr. Wheelz, and that he failed to provide those documents.  Subsequently, the court entered a judgment in favor of Mr. Blose.  Mr. Evanson filed a timely appeal and complied with the trial court's order to supply a Rule 1925(b) statement of matters complained of on appeal.  The trial court authored a Rule 1925(a) opinion, and this matter is now ready for our review.

---

[1] At that time, full ownership of Mr. Wheelz had been transferred to Mr. Evanson.

Mr. Evanson raises one question for our consideration: "Where a genuine question is raised about the original document's authenticity, did the Learned Judge below error in permitting the admissibility into evidence of copies of the alleged Partnership Agreement and Employment Contract?" Appellant's brief at 4.

Our review of a trial court's ruling concerning the admission of evidence is well-settled:

> Admission of evidence rests within the trial court's discretion, and we will reverse only if we find an abuse of discretion. Thus, our standard of review is very narrow. To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party.

*Ely v. Susquehanna Aquacultures, Inc.*, 130 A.3d 6, 18 (Pa.Super. 2015) (citations and internal quotation marks omitted).

The "best evidence rule," codified at Pa.R.E. 1002, states that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules, other rules prescribed by the Supreme Court, or a statute provides otherwise." Pa.R.E. 1002. However, Rule 1003 states, "[a] duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." Pa.R.E. 1003. Rule 1004 provides exceptions to Rule 1002, stating that

> an original is not required and other evidence of the content of a writing, recording, or photograph is admissible if:

(a)    all the originals are lost or destroyed, and not by the proponent acting in bad faith;

(b)    an original cannot be obtained by any available judicial process;

(c)    the party against whom the original would be offered had control of the original; was at that time put on notice, by pleadings or otherwise, that the original would be a subject of proof at the trial or hearing; and fails to produce it at the trial or hearing; or

(d)    the writing, recording, or photograph is not closely related to a controlling issue.

Pa.R.E. 1004.

At trial, Mr. Blose introduced copies of four documents. First, he offered a general partnership agreement, dated June 15, 2009, between himself, Mr. Evanson, and Mr. Manilla establishing the partnership operating as Mr. Wheelz. Among other items, the agreement provided that any profits or losses that accrued to the partnership would be shared *pro rata* among the partners. The signature of all three individuals appeared at the bottom of the agreement. Second, Mr. Blose provided a contract of employment dated June 15, 2009, and signed by Mr. Evanson, setting forth the terms of his employment for Mr. Wheelz. This document also contains a provision wherein Mr. Evanson acknowledged that he assumed a thirty-three percent share of any outstanding debts owed by the business. Next, Mr. Blose delivered an addendum to the original partnership agreement dated March 14, 2012, describing the allocation of the debts accrued by Mr. Wheelz. This

document also was signed by Mr. Evanson. Appended to that document was a summary of the debts incurred and the allocation of one-third of the total liability to Mr. Blose, Mr. Evanson, and Mr. Manilla. Finally, Mr. Blose entered into evidence an operating agreement dated March 26, 2012, governing Mr. Wheelz's operations. This document is also signed by all three individuals.

The trial court determined that Mr. Blose did not need to produce the original documents. It found that the originals were in Mr. Evanson's possession, and that he never produced them despite being questioned about them during his deposition.[2] The court could not verify whether they were lost or misplaced, but, citing Rule 1004(a), it ruled that the originals were not required. For similar reasons, the court found that Rule 1004(c) applied since Mr. Evanson was aware the documents would be the subject of dispute at trial, and yet, he failed to produce them or offer an explanation as to their absence. Thus, it held that the copied documents were admissible under Rules 1004(a) and 1004(c).

Significantly, the trial court based its decision primarily on the evidence indicating Mr. Evanson possessed the original documents and,

---

[2] Counsel for Mr. Blose argued that Mr. Evanson retained the original documents. N.T. Trial, 5/13/16, at 15. This assertion was not contested. Additionally, the court inquired about the location of the original partnership agreement, to which Mr. Blose responded, "It was there at [Mr. Wheelz] and left whenever we left it to Mr. Evanson." *Id*. at 43.

nevertheless, failed to produce them. Mr. Evanson did not dispute these findings during trial or on appeal. Rather, relying on Rule 1003, he claims that he raised a genuine issue of authenticity as to the copies by pointing out the similarity in the signatures contained on two of the documents. Even assuming he is correct in this assertion, Rule 1003 applies to genuine issues of authenticity **as to the original document**, which he never manufactured. Simply, under Rule 1003, a party must raise a question as to the authenticity of an original document in order to render its copy inadmissible. Since Mr. Evanson does not dispute the grounds upon which the trial court based its decision, his contention on appeal fails.

Instantly, Mr. Evanson admitted that he signed an agreement in 2009 establishing his role in Mr. Wheelz, but claimed that he did not recall the exact provisions of the document. N.T. Trial, 5/13/16, at 65-66. Moreover, he conceded during his deposition that he signed a document assuming one-third of the business's debts. *Id*. at 66. When shown the copy of his employment contract, he admitted to signing the document, but again stated that he did not recall the provision reaffirming his responsibility for the debt. *Id*. at 67-68. Finally, Mr. Evanson confirmed that he signed the addendum to the partnership agreement in 2012, that the document included a provision regarding his assumption of one-third of the debt, and that he signed it voluntarily. *Id*. at 72-73; 80. Thus, Mr. Evanson admitted the authenticity of the original document. Mr. Evanson's failure to read, recall,

or understand the conditions contained within these documents does not entitle him to relief. ***Samuel-Bassett v. Kia Motors America, Inc.***, 34 A.3d 1, 25 (Pa. 2011) citing ***Simeone v. Simeone***, 581 A.2d 162, 165 (Pa. 1990) (stating that "[c]ontracting parties are normally bound by their agreements, without regard to whether the terms thereof were read and fully understood.").

Ultimately, Mr. Evanson's arguments are poorly developed and largely miss the mark. The trial court found that Mr. Evanson had control of the original documents, that he was put on notice during his deposition that the originals would be a subject of proof at trial, and that he failed to produce those instruments. Thus, it determined that the copies proffered by Mr. Blose were admissible. We discern no abuse of discretion in the court's decision to admit those documents.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2017